IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACK RUSSELL BRISTOL, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-24-1143 |
| WARDEN C. CARTER, | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Self-represented petitioner Jack Russell Bristol filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Respondent Warden C. Carter of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") filed a motion to dismiss or, in the alternative, for summary judgment. ECF 6. Bristol has not filed any response, despite being notified of his right to do so. ECF 7. The Court has reviewed the filings and finds that no hearing is necessary. *See* Rules 1(b), 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the respondent's motion, treated as a motion to dismiss, is granted.

I.   BACKGROUND

Bristol asserts that, while he was incarcerated at FCI-Cumberland, he requested email access to keep in contact with his family, attorney, and others. ECF 1, at 7. He claims the Bureau of Prisons ("BOP") improperly denied him access to email due to the nature of his conviction. *Id.* He states that his judgment and commitment order does not ban him from computers; it only requires that his access must be monitored and filtered, which the prison's "Trulincs" program does. *Id.* Therefore, Bristol believes he should not be denied email access through the Trulincs program. *Id.* He seeks an order requiring BOP to grant him email access. *Id.* at 8.

The Warden moves to dismiss the petition or, in the alternative, for summary judgment.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure apply to habeas corpus proceedings as long as they are not inconsistent with statutes or the Rules Governing Section 2254 Cases. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* (§ 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).[1]

---

[1] The Warden argues that the petition should be dismissed for lack of subject matter jurisdiction. But the Warden has not identified any authority for dismissing a petition on jurisdictional grounds because the claim in the petition is not cognizable under § 2241. In the absence of any such authority, the Court evaluates the claim in the petition under Rule 12(b)(6).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). Additionally, filings drafted by parties proceeding without counsel are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pleadings from *pro se* parties liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a complaint filed by an individual without an attorney "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In this case, the Warden's motion is styled as a motion to dismiss or, in the alternative, for summary judgment under Rule 56. ECF 6. Because it is unnecessary to consider the Warden's exhibits to resolve this matter, the Court treats the motion as a motion to dismiss.

## III.   DISCUSSION

The Warden asserts that the habeas petition must be dismissed because Bristol challenges only the conditions of his confinement (the denial of access to email), and a prisoner cannot challenge conditions of confinement through a § 2241 habeas petition. ECF 6, at 1. A § 2241 petition is a means to "challenge the execution of a sentence." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (citing *In re Vial*, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997) (en banc)). In a § 2241 petition, a prisoner may "challenge the very fact or duration of [their] confinement" and seek "immediate release or a speedier release." *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973); *see also* 28 U.S.C. § 2241(a). To be entitled to the issuance of a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

The United States Court of Appeals for the Fourth Circuit has not decided, in a published opinion, whether a prisoner may challenge his conditions of confinement through a § 2241 petition. In an unpublished opinion, the Fourth Circuit observed a circuit split on this issue. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (noting that the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have determined that conditions of confinement claims must be brought in a civil rights action, while the First, Second, and D.C. Circuits recognize them in habeas petitions). In *Wilborn*, the Fourth Circuit suggested that attacks on conditions of confinement cannot be brought in habeas petitions, noting that habeas corpus is "primarily a vehicle for attack by a confined person on the legality of his custody and [that] the traditional remedial scope of the

4

writ has been to secure absolute release—either immediate or conditional—from that custody." *Id.* (quoting *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983)). In other unpublished decisions, the Fourth Circuit has held that conditions of confinement claims are not cognizable in habeas proceedings. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (conditions claims not cognizable in habeas proceedings); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (same).

Following the majority of circuits and the unpublished Fourth Circuit decisions, this Court too finds that a prisoner cannot challenge the conditions of his confinement in a § 2241 petition. Here, Bristol challenges solely the denial of email access. Email privileges do not affect the fact or duration of Bristol's sentence or the manner in which it is executed. Whether Bristol can email his friends and family concerns the conditions of his confinement. He may not challenge his conditions of confinement in a § 2241 petition.

Because Bristol's claim challenges only the conditions of his confinement, he fails to state a cognizable claim for federal habeas review.

## IV. Conclusion

For the reasons explained above, the Warden's motion to dismiss, or in the alternative, for summary judgment, ECF 6, treated as a motion to dismiss, is granted. The petition for writ of habeas corpus is dismissed. A separate order follows.

September 9, 2025  
Date

_____  
Deborah L. Boardman  
United States District Judge